# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ALEX RAHMI,**

    Appellant,

v.                                                      **CIVIL ACTION NO.: 3:14-CV-134**
                                                                **(JUDGE GROH)**

**MARTIN P. SHEEHAN,**

    Appellee.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Currently pending before the Court is Appellee's Motion to Dismiss [ECF 5]. For the following reasons, the Court **GRANTS** this motion.

### I. Background

This appeal concerns a October 31, 2014 Order of the United States Bankruptcy Court for the Northern District of West Virginia in Adversary Proceeding Number 3:14-ap-40.[1] This Order directed Appellant, who is proceeding *pro se*, to deliver two vehicles and all remaining financial records of any kind to Appellee's agent by November 5, 2014.

On November 5, 2014, Appellant filed a notice of appeal from the October 31, 2014 Order. The Clerk then sent Appellant a notice advising him of the need to pay the filing fee for the appeal or file a motion to proceed *in forma pauperis* ("IFP motion"). Appellant filed an IFP motion on November 17, 2014. On November 25, 2014, the bankruptcy court denied this motion based on Appellant's bad conduct in the underlying bankruptcy case.

On December 15, 2014, the appeal was filed in this Court. On December 22, 2014,

---

[1] This proceeding is associated with Bankruptcy Case Number 3:12-bk-200.

Appellee filed the instant Motion to Dismiss. The Court issued a notice advising Appellant of his right to file responsive material pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and giving him thirty days to do so. On January 30, 2015, Appellant filed a response to the Motion to Dismiss. Appellee did not file a reply. Finally, to date, Appellant has not paid the filing fee.

## II. Discussion

Appellee argues that the Court should dismiss this appeal because Appellant has not paid the filing fee. Alternatively, Appellee asserts the Court lacks jurisdiction because Appellant is not appealing from a final order or an order subject to an interlocutory appeal. In his response, Appellant opposes the Motion to Dismiss but does not address either ground for relief asserted by Appellee. Instead, he makes general allegations regarding how the United States Trustee has handled his assets.

Federal Rule of Bankruptcy Procedure 8003(a)(3)(C) requires that a filing fee accompany a notice of appeal from a bankruptcy court order. The "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). In determining whether to dismiss an appeal for violating Rule 8003(a)(3)(C), a district court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re SPR Corp., 45 F.3d 70 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992)).

2

Applying the Serra Builders factors, dismissal of this appeal is appropriate. First, Appellant had notice of the need to pay the filing fee and an opportunity to explain his delay in paying it. The Clerk sent Appellant a notice stating that he needed to pay the filing fee or file an IFP motion. Appellant opted for the latter course of action, but the bankruptcy court denied his IFP motion. The Motion to Dismiss then further notified Appellant of the need to pay the filing fee, and the Court's Roseboro notice advised Appellant of his right to respond to that motion and the possibility that his appeal could be dismissed.

After receiving notice of the filing fee issue and an opportunity to address it, Appellant has since acted in bad faith or negligently. He has not articulated one reason that would justify his failure to pay the filing fee. In fact, his response does not even address this issue. Appellant also has not attempted to pay the filing fee even though this appeal has been pending for approximately two months. Thus, the Court finds that Appellant's disregard of his obligation to pay the filing fee constitutes bad faith (or, at the very least, negligence) because he has not acknowledged that he must pay the filing fee in the face of repeated notice of that requirement. See Davis v. Burke, Civil Action No. AW-04-2015, 2005 WL 4014096, at *2-3 (D. Md. Apr. 4, 2005) (finding appellant acted in bad faith by not purchasing transcript despite notice from court).

The Court also finds that prolonging these proceedings to await the filing fee would prejudice Appellee. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (finding that appellant's failure to file timely brief prejudiced trustee and creditors). Allowing Appellant more time to pay the filing fee will prejudice Appellee's interest in promptly administering the bankruptcy estate. See In re Cabrera, Civil Action No. 2007 2007 WL 4380275, at *3 (W.D.N.C. Dec. 11, 2007) (finding that noncompliance with a procedural rule prejudiced the

United States Trustee's ability to administer a bankruptcy estate).

Finally, having considered the impact of dismissing the appeal, the Court finds that it is the most appropriate sanction. Dismissal is a harsh remedy, but courts have recognized that dismissing a bankruptcy appeal is proper when a filing fee is unpaid. See Byrd v. Branigan, Civil Action No. AW-06-0895, 2006 WL 4458702, at *4 (D. Md. Nov. 29, 2006) (finding that appellants' failure to pay filing fee and file a separate and effective order deprived court of jurisdiction to hear bankruptcy appeal); In re Reimann, Civil Action No. 5:03-CV-794-FL(3), 2003 WL 23531791, at *2 (E.D.N.C. Nov. 14, 2003) (stating that district court could dismiss bankruptcy appeal for failure to pay filing fee). Appellant, however, has not even acknowledged that he needs to pay the filing fee. This calls into serious question whether he would ever pay it. Appellant's actions therefore demonstrate that he is unwilling to comply with this Court's orders and procedural rules even after receiving notice of the need to pay the filing fee and having an opportunity to explain his delay. Accordingly, considering Appellant's violation of Rule 8003(a)(3)(C) and the Serra Builders factors, the Court finds that dismissal of this appeal is appropriate.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Appellee's Motion to Dismiss and **DISMISSES** the pending appeal.

The Clerk is directed to enter Judgment in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* Appellant.

**DATED:** February 25, 2015

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE